```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**ROSS LANE,**

                    **Plaintiff,**

          v.                     CASE NO.  09-3153-SAC

**DANIEL CARTY,**

                    **Defendant.**

<u>**MEMORANDUM AND ORDER**</u>

      This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF).  Having examined the materials filed, the court finds as follows.

<u>**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**</u>

      Plaintiff seeks leave to proceed without prepayment of fees (Doc. 2) and has submitted the requisite, supporting affidavit and financial records.  He is reminded that under the Prison Litigation Reform Act a prisoner litigant is required to pay the full district court filing fee of $350.00 for each civil action filed by him.  28 U.S.C. § 1915(b)(1).  The granting of leave merely entitles him to pay the filing fee over time with periodic payments from his inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Plaintiff was granted leave to proceed without prepayment of fees in a prior action and has an outstanding fee obligation in that action, <u>Lane v. Brewer</u>, Case No. 07-3225 (D.Kan. Sept. 29, 2008)(Defendants' Motion to Dismiss granted due to plaintiff's failure to exhaust administrative remedies).  Because any funds advanced to the court by plaintiff on his behalf must first be

applied to plaintiff's outstanding fee obligations, the court grants plaintiff leave to proceed without prepayment of fees in the instant matter. Collection of the full district court filing fee in this case shall commence upon plaintiff's satisfaction of his prior obligation in Case No. 07-3225. The Finance Office of the Facility where plaintiff is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until all plaintiff's outstanding filing fee obligations have been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**FACTUAL BACKGROUND AND CLAIMS**

Mr. Lane claims that on May 17, 2009, he was assaulted and battered by "CSI Carty", "a Corrections Specialist" employed at the EDCF. In support, he alleges as follows. While confined at the EDCF, he had his food pass open with his hand sticking out when CSI Carty gave him "a direct order to give up the food pass". Mr. Lane refused. Defendant Carty left, returned, pulled out his mace can, and again ordered plaintiff to "give up the food pass." Plaintiff said "no". Then, defendant Carty began to spray plaintiff through the food pass, beat on his hand with the bottom of the mace can "like a hammer causing serious injury", and grabbed plaintiff's arms trying to pull him through the door causing further serious

and unnecessary" injuries.  Plaintiff alleges "ongoing pain and suffering, and asserts his rights under the Eight Amendment were violated.  He seeks $250,000 in punitive damages as well as payment of filing fees and any attorney fees.

**SCREENING**

Because Mr. Lane is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

**FACTS FAIL TO STATE CLAIM OF CRUEL AND UNUSUAL PUNISHMENT**

An assault by a jailer on his prisoner can give rise to a cause of action under Section 1983.  Collins v. Hladky, 603 F.2d 824 (10th Cir. 1979).  On the other hand, not every isolated battery or injury to an inmate amounts to a federal constitutional violation.  See Hudson v. McMillian, 503 U.S. 1, 9 (1992)(Not "every malevolent touch by a prison guard gives rise to a federal cause of action."); Smith v. Iron County, 692 F.2d 685 (10th Cir. 1982)(A prison guard's use of force against a prisoner is not always a constitutional violation.); El'Amin v. Pearce, 750 F.2d 829, 831 (10th Cir. 1984)(While an assault by a jailer on his prisoner can give rise to an action under section 1983, a jailer's use of force against a prisoner is not always a constitutional

violation.); see also George v. Evans, 633 F.2d 413, 416 (5th Cir. 1980)("A single unauthorized assault by a guard does not constitute cruel and unusual punishment."). As the United States Supreme Court has explained:

> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles.

Baker v. McCollan, 443 U.S. 137, 146 (1979).

A prisoner's claim of excessive force is generally analyzed under the Eighth Amendment's cruel and unusual punishment clause[1]. In Whitley v. Albers, 475 U.S. 312 (1986), the United States Supreme Court stated that, "[a]fter incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment (citations omitted)." Id. at 319. In considering claims of excessive force brought by convicted prisoners, a court must apply the standard set forth in Whitley, namely, "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously or sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors to be considered in making this determination include (1) the need for the application of force; (2) the relationship between the need and amount of force used; and (3) the extent of injury inflicted. Id.; see also Smith v. Cochran, 339 F.3d 1205, 1212 (10th Cir. 2003), cert. denied, 549 U.S. 1265 (2007). In Sampley

---

[1] The Eighth Amendment is specifically concerned with the unnecessary and wanton infliction of pain, and serves as the "primary source of substantive protection" to convicted prisoners in cases where the deliberate use of force is challenged as excessive and unjustified. Rochin v. California, 342 U.S. 165, 172, 173 (1952). The Eighth Amendment is applicable to the States through the Fourteenth Amendment's due process clause.

4

v. Ruettgers, 704 F.2d 491 (10th Cir. 1983), the Tenth Circuit Court of Appeals set forth three factors for courts to include in their review of excessive force claims. Under Sampley, the inmate must demonstrate (1) the guard intended to harm the prisoner; (2) the guard used more force than reasonably necessary to maintain or restore institutional order; and (3) the guard's actions caused severe pain or lasting injury to the prisoner.  Id. at 495[2].

The standards are "sensitive to the highly-charged prison environment."  A prison guard's use of force is entitled to deference by the courts because their decisions are made "in haste, under pressure, and frequently without the luxury of a second chance."  Hudson, 503 U.S. at 6; Whitley, 475 U.S. at 320.  Courts have often quoted: "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."  Johnson v. Glick, 481 F.2d

---

[2]   In Sampley, the Tenth Circuit reasoned:

> A prison guard's use of force against an inmate is "cruel and unusual" only if it involves "the unnecessary and wanton infliction of pain."  Gregg v. Georgia, 428 U.S. 153, 173 (1976).  We think that this standard imposes three requirements for an inmate to state a cause of action under the eighth amendment and section 1983 for an attack by a prison guard.  First, "wanton" requires that the guard have intended to harm the inmate.  Second, "unnecessary" requires the force used to have been more than appeared reasonably necessary at the time of the use of force to maintain or restore discipline. Third, "pain" means more than momentary discomfort; the attack must have resulted in either severe pain or a lasting injury.  In applying this test, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.  Johnson, 481 F.2d at 1033.
> * * *
> A court should also bear in mind that a prison guard, to maintain control of inmates, must often make instantaneous, on-the-spot decisions concerning the need to apply force without having to second-guess himself. See Wolff v. McDonnell, 418 U.S. 539, 566-67 (1974).

Sampley, 704 F.2d. at 494-96.

5

1028, 1033 (2d Cir.), cert. denied sub nom. John v. Johnson, 414 U.S. 1033 (1973); Hudson, 503 U.S. at 9-10 (Excluded from the Eighth Amendment's reach are "de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.").

Applying the foregoing standards to the facts alleged by plaintiff, the court finds they fail to establish a claim of cruel and unusual punishment under the Eighth Amendment[3]. Plaintiff's own exhibits and allegations indicate plaintiff created a need for application of some force. He provoked the incident by being disruptive and uncooperative. He disobeyed two direct orders issued by defendant some time apart to remove his hand from the food pass. He may even have been disciplined as a result of his behavior[4]. Mr. Lane's actions were clearly contrary to the legitimate penological interest of maintaining control and discipline in the prison facility. Under such circumstances, the use of pepper spray and some other physical force if the pepper spray was not effective, can hardly be considered repugnant to the conscience of mankind. The court finds that Mr. Lane's allegations give the impression "force was applied in a good faith effort to maintain or restore discipline."

Moreover, plaintiff presents insufficient factual allegations showing that the defendant acted "maliciously and

---

[3] If the basis for plaintiff's claim is nothing more than a single incident of battery without serious injury, he would be well-advised to immediately file a complaint in state court. On these facts, it will be much more difficult to prove a federal constitutional violation than a battery in state court.

[4] Mr. Lane's KDOC offender information available on-line through KASPER shows he received two disciplinary reports on the date of this incident for disobeying orders and threats or intimidation.

6

sadistically for the very purpose of causing harm." Cf. Whitley, 475 U.S. at 320-321; Sampley, 704 F.2d at 494-496; Smith, 339 F.3d at 1212. He alleges that defendant hit his hand with the pepper spray can and pulled on his arms and hands through the food pass. Plaintiff's opinion that this force was excessive, without more, does not establish that defendant acted maliciously and sadistically to cause harm. Plaintiff refused to simply remove his hand from the food pass. Allegations of the guard's striking his hand, with a can[5] or a security device, and forcefully struggling with his hands and arms through the pass to force his compliance do not, in this court's opinion, rise to the level of cruel and unusual punishment. In short, plaintiff does not allege sufficient facts to show that this amounted to more than an isolated battery.

Furthermore, plaintiff's allegations of "serious injury" and "pain and suffering" are completely conclusory. They are not supported by any description or medical diagnoses of his injuries from this incident. Plaintiff does not describe "wanton infliction of pain" that was severe. Nor does he allege any lasting injury. It follows that plaintiff's allegations fail to implicate constitutional concerns. See DeWalt v. Carter, 224 F.3d 607, 620 (7th Cir. 2000)(holding that prison guard's "simple act of shoving" inmate into a door frame was not an Eighth Amendment violation.).

In order for plaintiff to elevate his claim beyond an isolated battery, to a claim of cruel and unusual punishment cognizable in federal court, he must provide additional facts

---

[5] Although the use of a security device would have been more appropriate, plaintiff does not describe the pepper spray cannister, the force or number of blows, or the resulting injuries.

7

showing a constitutional claim of excessive force. He is given the opportunity to submit a "Supplement to Complaint" containing additional facts to support a claim of federal constitutional violation in accord with the foregoing Order and standards. If he fails to submit a "Supplement to Complaint" within the time allotted, this action may be dismissed without prejudice with no further notice.

Plaintiff is directed to also state in his Supplement whether or not he was disciplined as a result of the alleged incident and, if he was, to provide the substance of the disciplinary reports and results of any disciplinary proceedings.

**IT IS THEREFORE ORDERED** that plaintiff is given thirty (30) days in which to file a Supplement to his Complaint containing sufficient additional facts to state a federal constitutional claim.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

The clerk is directed to send a copy of this Order to the finance office at the institution where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 28th day of September, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

8